*DENIS* vs. *CLAGUE'S SYNDICS.*

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court.  The petitioner states that he bought

The buyer who discovers a defect in his title, has not the right of requiring a rescission of the sale, but only a suspension of payment till security be given him.

7NS 93
117 805

Eastern Dist. property at the sale of the insolvent's estate, and
June, 1828.
gave his notes for it, payable in several instal-
Denis
*vs.* ments; and that since the purchase he has
Clague's
syndics. discovered defects of the vendors  He prays
that the sale be rescinded, unless the defen-
dants give security he shall not be disturbed,
and for such other relief as his case may enti-
tle him to.   He also prays judgment for **$600**
expenses by him incurred in keeping the pro-
perty.

The answer denies the existence of any
cause, which can authorise the plaintiff to re-
fuse payment of his notes, or to have the sale
made to him cancelled.

The defect in the title proceeds from the
act of the vendor of the insolvent.   The pro-
perty was purchased by him during the life of
his wife, and made, of course, a part of the
community estate.   After her death, he sold it
as belonging to himself.   The plaintiff insists
the one half was owned by his minor children,
and the sale by the father, without the formali-
ties of law for the alienation of minors' property
being pursued, did not transfer their title.

These facts, and the irregularity of the sale,
were not much controverted in argument; but
it was contended, that West, the vendor of

Eastern Dist.
*June*, 1828.

DENIS
*vs.*
CLAGUE'S
SYNDICS.

Clague, was also insolvent; that the community property was not sufficient to pay the community debts; and that the fears of the plaintiff were not well founded.

The 2535th article of the Louisiana code provides that, if the buyer is disquieted in his possession, or has just reason to fear that he will be disquieted, he may suspend payment of the price, until the seller has restored to him possession, or prefers to give him security.

We think the buyer has just reason to fear being disquieted, when he has acquired by a defective title, which does not vest in him a legal right to the property purchased; and that when the title is clearly defective, he has nothing to do with the considerations that may or may not induce others to sue him. No man would wish to acquire property, or hold it, under such contingencies. It is sufficient for the buyer to claim the protection of the law that he holds at the will of others. It was urged that West was insolvent at the death of his wife, and that the children could not hereafter claim the land without becoming responsible for their mother's share of the debts. Admitting this to be true, who can tell what value the property may acquire before the time of pre-

Eastern Dist. scription will run against the children? We
June. 1828.
should think there would be much less risk if

DENIS
vs.        West were perfectly solvent; for then his
CLAGUE's
SYNDICS.   children could not accept his succession with-
out becoming responsible for the warranty he
gave when he sold to Clague.

Notwithstanding the right of the plaintiff to
be relieved, the principal difficulty in the case
is, the nature of the relief to which he is enti-
tled.

The court below ordered the sale to be re-
scinded, and the notes to be given up, unless
the defendants give security.

To this judgment we cannot assent. The
provisions in that chapter of the code under
which this action was brought, recognise no
such right in the buyer, tho' they do in the
seller, if the former refuse to pay the price.—
The ground alleged in argument, that this was
the sale of a thing belonging to another, does
not support the claim to rescission. The sale
of the property of another is certainly null,
where the parties know at the time of the sale
that they are buying and selling that which
does not belong to them: but where they were
ignorant of it, as in this case, the subsequent
discovery of the fact only confers the right on

Eastern Dist ·
*June,* 1828·

DENIS
*v s.*
CLAGUE'S·
SYNDICS.

the buyer to support the judgment and demand security. The sale here was certainly not null, for the prescription of ten years could have been pleaded on it. The contrary doctrine would avoid all contracts for land where there was a better title outstanding in a third person, derived from a different grant from the government than that under which the sale was made. *See note of Paillette on Nap. code* 1599; *La. code* 2535, 2539.

In directing the vendors in this case to give security, we foresee considerable difficulty: for the syndics cannot do it as the representatives of the estate, without holding up funds (to answer on the warranty) until the minors brought suit. The 2536th article of the code, which directs the money to be brought into court, where the vendors are unable to give security, only contemplates the case where suit is pending by the third party who sets up a claim to the premises. Under the provisions of the code, however, we can give no other judgment.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed; and it is fur-

Eastern Dist.
*June*, 1828.
DENIS
*vs.*
CLAGUE'S
SYNDICS.

ther ordered, adjudged and decreed, that the payment of the price of the property mentioned in the petition be suspended until the vendors give good and sufficient security to answer to the plaintiff for any damages he may sustain in case he be evicted of the premises by the minor heirs of Charles West; that the sequestration granted of said notes be maintained until the said security is furnished; that the defendants pay the costs of the court of the first instance, and the plaintiff those of appeal.

*Denis* for the plaintiff—*Eustis* for the defendants.